UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANDREW CHAVEZ ET AL            CIVIL ACTION NO. 23-cv-181

VERSUS            MAGISTRATE JUDGE HORNSBY

LENCHO OILFIELD SERVICES INC ET AL

# MEMORANDUM ORDER

### Introduction

Plaintiffs Andrew Chavez and Edgard Moneyhun ("Plaintiffs") filed this action against Lencho Oilfield Services, Inc. and Lawrence Deculit III ("Defendants"). Plaintiffs allege that the Defendants violated the Fair Labor Standards Act by failing to pay overtime wages to them and other similarly situated employees. The parties entered into a settlement agreement and dismissed this case. Plaintiffs now return with a Motion to Enforce Settlement (Doc. 27). The motion is unopposed, but it must be denied without prejudice because the court lacks subject matter jurisdiction.

### Relevant Facts

The parties reached an agreement and entered into a written settlement agreement in March 2024. The parties advised the court of their settlement, and the court entered an Order of Dismissal (Doc. 24) that stated that the case was dismissed, without prejudice to the right to reopen the action if settlement was not consummated within 90 days. The parties were directed to submit a joint motion to dismiss or Rule 41 stipulation of dismissal within the 90-day period.

Under the terms of the settlement agreement, the Defendants were required to pay $40,000 in payment plan installments. Plaintiffs report that the Defendants were delinquent numerous times. The final payment was received on June 30, 2025, and there is a remaining balance due under the settlement agreement of $13,850. Efforts to collect that final amount have been unsuccessful.

Paragraphs 18-20 of the settlement agreement provide that any party may institute an action to enforce the terms of the agreement and seek damages, including attorneys' fees and costs, in the event of a breach of any provision of the agreement. Paragraph 20 states that Chavez and Moneyhun, in the event Defendants breach the agreement by nonpayment, shall be entitled to recover the balance due plus attorneys' fees, expenses, and liquidated damages in the amount of $20,000 to be apportioned on a pro rata basis. Paragraph 19 provides: "The Parties agree that the Western District of Louisiana shall retain jurisdiction in this matter for enforcement of the agreement, including the award of damages, attorneys' fees and costs related to any breach thereof."

As will be discussed below, it is critical to the court's jurisdiction that the court's *order of dismissal* contain language that expressly retains jurisdiction over the enforcement of the settlement agreement. The parties filed a "Stipulation of Dismissal with Prejudice" (Doc. 25) that stated it was stipulated and agreed among the parties that all claims asserted by the plaintiffs were dismissed, with prejudice with respect to Mr. Chavez and Mr. Moneyhun, and without prejudice as to other similarly situated individuals. The stipulation made no reference to the settlement agreement or retention of jurisdiction to enforce it.

The court signed the proposed order that the parties submitted along with the stipulation. It provides that, considering the stipulation of dismissal filed by the parties, it is ordered that all claims by Mr. Chavez and Mr. Moneyhun be dismissed with prejudice as to the named plaintiffs and without prejudice as to other similarly situated individuals, with each party to bear its own attorney fees and costs. The order includes no reference to the settlement agreement and does not state that the court retains jurisdiction to enforce it. The settlement agreement was also not attached to the stipulation or order, and it does not appear anywhere in the record other than as an exhibit to the motion to enforce it.

**Analysis**

Federal courts are courts of limited jurisdiction and have an obligation to assess whether jurisdiction exists, even if no party raises the issue. A similar stipulation and order, lacking in reference to the settlement agreement, was entered in Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673 (1994), and the Supreme Court held that the district court lacked ancillary jurisdiction to address a motion to enforce the settlement agreement.

Kokkonen stated that the situation would be different if the parties' obligation to comply with the terms of the agreement had been made part of the order of dismissal, either by a provision "retaining jurisdiction" over the settlement agreement or by incorporating the terms of the agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction would exist to enforce the agreement. Kokkonen, 114 S.Ct. at 1677. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id.

The Fifth Circuit and district courts within the circuit have found jurisdiction lacking in multiple similar cases. For example, the parties settled federal law claims in Hospitality House, Inc. v. Gilbert, 298 F.3d 424 (5th Cir. 2002). Pursuant to the terms of the settlement agreement, the parties filed an agreed motion to dismiss the case. The motion incorporated by reference the settlement agreement, which was attached as an exhibit. However, the district court's order that granted the motion merely stated that the motion was granted; it made no reference to the settlement agreement or a retention of jurisdiction to enforce it.

Parties to the agreement later filed suit in the same district court to enforce the agreement. The Fifth Circuit applied Kokkonen and its specification of two ways that a court may make a settlement agreement part of its dismissal order: (1) by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or (2) by incorporating the terms of the settlement agreement in the order. Even though the motion incorporated by reference the agreement, the Fifth Circuit stated that "there is no question that the district court did not make the Agreement part of its dismissal order by including a separate provision retaining jurisdiction to enforce the Agreement." Hospitality House, 298 F.3d at 430. The Court emphasized that "Kokkonen requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms." Id. at 431. Subject matter jurisdiction was found to be lacking.

Another example is SmallBizPros, Inc. v. MacDonald, 618 F.3d 458 (5th Cir. 2010), where the parties read the terms of their settlement agreement into the record. The court asked that the parties reduce the terms to a writing to be signed by the judge, but they filed

Page **4** of **8**

a stipulation that merely stated that they had settled and compromised and asked the court to sign an attached "Stipulated Settlement Order" that contained the terms and conditions of the settlement.  The parties signed the stipulation, which had the settlement agreement attached.  The terms of the order that the court signed did not expressly provide for the court to retain jurisdiction to enforce the agreement.  When a dispute broke out, the district court asserted that it retained jurisdiction to enforce the order, and it issued a contempt order against the party that breached the settlement agreement.

The Fifth Circuit applied Kokkonen and determined that the district court lacked jurisdiction to issue the contempt order.  First, the stipulation filed by the parties was effective immediately so that any dismissal order later entered by the court was superfluous.  The effectiveness of the stipulation was not expressly contingent on the district court's entry of the order that was part of it.  The Court stated that the parties and district court likely intended for the court to retain ancillary jurisdiction to enforce the settlement agreement, "but jurisdiction is a strict master and inexact compliance is no compliance."  SmallBizPros, 618 F.3d at 464.  The district court's contempt order was vacated, and the matter was remanded with instructions to dismiss for lack of jurisdiction.

A more recent example is Whittier v. Ocwen Loan Servicing, L.L.C., 128 F.4th 724 (5th Cir. 2025), where the parties settled and notified the district court, which entered an interim order of dismissal pending final documentation of the parties' settlement.  Much as in this case, once settlement was confected, the parties returned to court with a joint stipulation to dismiss and a proposed order of dismissal.  The joint stipulation did provide that the court "shall retain jurisdiction for the purposed of enforcing or interpreting the

terms of the separate settlement agreement entered into between the Parties." Despite that language, the accompanying order did not expressly retain jurisdiction over the settlement agreement or incorporate the agreement's terms. The court signed the order as submitted.

Three months later, the plaintiffs filed a motion to enforce the settlement agreement and award fees. The district court initially granted some relief, but it ultimately declined jurisdiction over the settlement agreement. The plaintiffs appealed, and the Fifth Circuit affirmed because the stipulation of dismissal was effective immediately and, furthermore, the order of dismissal submitted by the parties and signed by the court failed to expressly retain jurisdiction over the settlement agreement or to incorporate the terms of the agreement itself. Its mere reference to the stipulation of dismissal was insufficient.

Courts have exercised jurisdiction over the enforcement of settlement agreements when one of the Kokkonen exceptions was applicable. For example, in Hotard v. Aegis Sec. Ins. Co., 2025 WL 50034 (E.D. La. 2025), the court's order retained jurisdiction for all purposes, including enforcing the settlement agreement. The court determined that it had jurisdiction under Kokkonen to entertain a motion to enforce the settlement agreement. Other examples where courts have found Kokkonen compliance and exercised jurisdiction over motions to enforce the settlement terms include Cook v. Costco Wholesale Corp., 2025 WL 2181703, *3 (N.D. Tex. 2025) and Express Corp. v. Robrad, L.L.C., 2016 WL 3660670, *2 (N.D. Tex. 2016).

The cases cited above make clear that this court lacks subject matter jurisdiction to grant the motion to enforce the settlement agreement. The parties stipulated that all claims were dismissed. The order that followed ordered the same relief. Neither filing,

particularly the order, expressly retained jurisdiction over or incorporated the terms of the settlement agreement. There was also no provision in the stipulation that its effectiveness was contingent upon the district court issuing such an order. Neither the stipulation nor order of dismissal entered in this case meet any of the exceptions to Kokkonen.

There is also a lack of an independent basis for jurisdiction. Plaintiffs' motion asks for the remaining balance of $13,850, liquidated damages of $20,000, and attorneys' fees of $2,500, for a total of $36,350. Even if there were diversity of citizenship, the amount in controversy would not be sufficient to provide an independent basis for diversity jurisdiction under 28 U.S.C. § 1332.

The parties did state in their settlement agreement: "The Parties agree that the Western District of Louisiana shall retain jurisdiction in this matter for enforcement of the agreement, including the award of damages, attorneys' fees and costs related to any breach thereof." But subject matter jurisdiction is the court's statutory or constitutional power to adjudicate a case. "No action of the parties can confer subject-matter jurisdiction." U.S. v. Riojas, 139 F.4th 465, 472 (5th Cir. 2025), quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 102 S.Ct. 2099, 2104 (1982).

For example, retiree airline pilots argued that a collective bargaining agreement provided for federal judicial review of a Retirement Board determination. The Fifth Circuit said, "This contention is untenable" because parties to an agreement may not create federal subject matter jurisdiction by consent. Ballew v. Cont'l Airlines, Inc., 668 F.3d 777, 786 (5th Cir. 2012). Another settlement agreement stated that "any action arising out of this Agreement shall be subject to the jurisdiction and venue of the federal and state courts." A

court rejected an argument that it had jurisdiction to enforce the agreement because the order of dismissal did not expressly retain jurisdiction or incorporate the terms of the settlement agreement that stipulated to retained jurisdiction.  Young v. Jewish Bd. of Fam. & Child. Servs., Inc., 2005 WL 8179126, *1 (S.D. N.Y. 2005).

In this case, the dismissal process did not include the necessary provisions to comply with Kokkonen and give the federal court jurisdiction to enforce the settlement agreement.  There is also no independent basis for jurisdiction over claim for breach of the agreement.  "[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts."  Badgerow v. Walters, 142 S. Ct. 1310, 1317 (2022).  This is such a quarrel.  Plaintiffs' **Motion to Enforce Settlement (Doc. 27)** is **denied** without prejudice for lack of subject matter jurisdiction.  Plaintiffs remain free to assert their claims for breach of the settlement agreement in an appropriate state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of October, 2025.

                      Mark L. Hornsby
                      U.S. Magistrate Judge